**RECEIVED**

MAR 11 2013

**BY MAIL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_EASTERN_ DIVISION

REGINALD CLEMONS )
)
_____ )
)
)
_____ )
(Enter above the full name of the )
Plaintiff(s) in this action. Include prison )
registration number(s).) )
)
v. )
) Case No. _____
GEORGE LOMBARDI (MDOC Director) ) (To be assigned by Clerk)
)
John/Jane Doe (General Counsel) ) (Jury Trial Demanded)
)
TROY STEELE (WARDEN of PCC) )
)
BRENDA ROSS (Litigation Officer) )
)
DOUGLAS NICKELSON (Phone Monitor) )
(Enter above the full name of **ALL** Defend- )
ant(s) in this action. Fed. R. Civ. P. 10(a) )
requires that the caption of the complaint )
include the names of **all** the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

**PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

I.   PLACE OF PRESENT CONFINEMENT:

_POTOSI CORRECTIONAL CENTER, 11593 State Highway O, Mineral Point Mo. 63660_

II.  PREVIOUS CIVIL ACTIONS:

A.   Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

YES [✓]          NO [ ]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff(s): __REGINALD CLEMONS__

   Defendant(s): __GEORGE LOMBARDI__

2. Court where filed: __U.S. District Court Eastern Division, Missouri__

3. Docket or case number: __4:11-cv-01629__

4. Name of Judge: __Rodney W. Sippel__

5. Basic claim made: __Prison Overcrowding and Failure To Follow Policy and Statutes.__

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [X]          NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [X]          NO [ ]

C. If your answer to "B" is YES, whats teps did you take: _I exhauste State Administrative Grievance No. PCC-12-435 at all 3-stages, granting this federal court ~~suist substantive~~ RC substantive jurisdiction over liberty interest_

D. If your answer to "B" is NO, explain why you have not used the grievance system:

_N/A_

_N/A_

IV. PARTIES TO THIS ACTION:

A. Plaintiff(s)

1. Name of Plaintiff: _REGINALD CLEMONS_
2. Plaintiff's address: _Potosi Correctional Center_ _11593 State Highway O, Mineral Point, Mo. 63660_
3. Registration number: _____
4. Additional Plaintiff(s) and address(es): _____

B. Defendant(s)

1. Name of Defendant: _GEORGE LOMBARDI_
2. Defendant's address: _Missouri Department Of Corrections_ _2729 PLAZA Dr., Jefferson City, Mo. 65109_
3. Defendant's employer and job title: _Employed as Director Of the Missouri Department Of Corrections_
4. Additional Defendant(s) and address(es): _____

_(Continue on Attached Page 7)_

V. COUNSEL

    A.    Do you have an attorney to representy ou in this action?

                YES [ ]        NO [X]

    B.    If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

                YES [X]        NO [ ]

    C.    If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

           Meredith Duffy, Simpson Thacher & Bartlett
           425 Lexington Avenue, New York, N.Y. 10017:
           It is not in their best interest, as they have other litigation.

    D.    If your answer to "B" is NO, explain why you have not made such efforts:

           N/A
           N/A

    E.    Have you previously been represented by counsel in a civil action in this Court?

                YES [ ]        NO [X]

    F.    If your answer to "E" is YES, state the attorney's name and address:

           N/A
           N/A

VI.   Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

Defendants, being sued in their individual capacity, have been monitoring and recording legal calls between me and my Capital Appeal Attorneys Of Record, in violation of my First Amendment right to freely communicate with my attorneys confidentially without fear of someone hearing our communication about my case and facts.

Defendant(s), being sued in their individual capacity, have punished Plaintiff for talking to his attorney during 3-way conference calls with other attorneys that Defendants have recorded and monitored. By placing me in punitive lockdown for 23 days total as a result of detecting 3-way conference calls on a monitored and recorded phone line. In violation of Plaintiff Eighth Amendment right to be free from wanton unnecessary cruel and unusual punishment.

Defendants' actions of punitive confinement conditions disrupted a legal visit between Plaintiff and his capital appeal attorneys, by denying the same access to legal material afforded general population inmates and placing Plaintiff in four point restraints during his legal visit. This action violated both the Eighth Amendment to be free of unnecessary restraint and Sixth Amendment access to the court and First Amendment right to freely communicate with counsel.

(Continue On Attached Page 10)

-5-

VII.  RELIEF

State briefly and exactly what you want the Court to do for you.  Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

Order Defendants to provide discovery; nominal damages; punitive damages; compensatory damages; issue an injunction temporary and ~~man~~ permanent injunction, where this court has jurisdiction to grant relief, the appointment of counsel and court cost to be assist against defendant(s) individually (continue on page 16)

VIII.  MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

    YES ☒    NO ☐

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

I believe I am entitled to relief, as I have suffered punitively and constitutionally, without wrong doing on my part. I should be grant relief in amounts established by this court. (continue on page 16)

IX.  Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

    YES [ ]    NO [ ]

Reginald Clemons, Pro se

_____  
Signature of attorney or pro se Plaintiff(s)

March 8, 2013  
Date

(Continued from page 3)

5.     Additional Defendant(s) and Address(es): <u>Defendants being sued in their individual capacity listed below are all located and employed at: Potosi Correctional Center (PCC), 11593 State Highway O, Mineral Point, Missouri 63660:</u>

<u>Troy Steele (Warden) of Potosi Correctional Center (PCC); Douglas Nickelson, (Phone Monitor); Timothy Lancaster, (Investigator); Daniel Dicus (Correction Officer-CDV Reporting Officer); Jeff Harper (Correction Officer-CDV Supervisory Authority); Thomas Collins (Disciplinary Hearing Officer (DHO)); John/Jane Doe (Function Unit Manager-DHO Reviewing Officer); Christine Henson (Correction Officer-CDV Re-Write Supervisor)</u>

Duties Of Defendants:

As the director, George Lombardi has been deliberately indifferent as the supervisory authority to oversee the operations and practices of his subordinates throughout the Missouri Department of Corrections and correct wrongdoing when and wherever he discovers statutory or constitutional and criminal violations by those under his authority. Namely here, where he has been made aware of such concerns through the grievance procedure that Plaintiff has been punished for making monitored and recorded legal calls, under the pretense that they were 3-way calls and the disruption to attorney client communications.

The unknown general counsel officer John/Jane Doe has the supervisory authority to secure and ensure that legal communication between attorneys and clients are conducted within constitutional

dimensions by all Missouri Department Of Corrections Wardens and their subordinate staff. Namely here at PCC, being Brenda Ross the litigation officer and which ever Function Unit Manager is over the housing unit of the Plaintiff and being directly responsible for handling the prisoner/inmate/offender (Plaintiff) attorney client communication application. None of whom have taken the necessary step or measures to ensure that Plaintiff's attorney client communication has been confidentially secured without disruption.

With the responsible duty of being the Warden, Troy Steele has been deliberately indifferent to overseeing the statutory or constitutional conduct of those under his authority throughout PCC both security and administrative staff overseeing Plaintiffs attorney client communication and treatment.

The subordinates under Troy Steele, Timothy Lancaster and Douglas Nickelson continuously monitors the Plaintiffs attorney client legal call communication and have made Troy Steele aware of their findings that they believe Plaintiff's attorneys had been making 3-way calls. This is known because Securus Phone services have alleged to Plaintiff capital appeal attorneys, that they did not alert Troy Steele to these calls listed in the Conduct Violation. Meaning that it is those to whom the duty to monitor the phone system at PCC are the individuals that alerted Troy Steele to such 3-way calls, made from a monitored line, being Tim Lancaster and Douglas Nickelson.

As supervisory security officers, both Christine Henson, Daniel Dicus, and Jeff Harper should have known that their conduct violated Plaintiff's due process rights not to be punished for something

that was not against any rules; did not rise to the level of an immediate security concern; and violated Plaintiff's right to attorney client confidentiality. As it is their responsible duty to evaluate the immediate circumstances of custody and alert supervisors of the abridgment of policy, statutes, court decisions at law, and constitutionality of securing Plaintiff's conditions of confinement.

(Continued from page 5)

Statement of claim:

1      The Defendant(s), are herein continuously throughout this complaint being sued in their individual capacity. Have been monitoring and recording legal calls between my capital appeal attorneys and I, on my capital appeals litigation. In violation of the my First Amendment right to freely communicate with my attorneys confidentially, with liberty from fear of someone hearing or over hearing our strategies about the law and facts. These conditions have causing me and my attorneys to only hint at the strategy, laws, and facts we would like to discuss during phone calls.

2.     Defendants, being sued in their individual capacity, have punished me the Plaintiff in relation to attorney client telephone conferences, with one or more attorneys, placing me in segregation for 23 days. Alleging that 3-way calls had been detected during their monitoring and recording of legal calls between me and my attorneys. This action by defendant(s) violated my (Plaintiff's) Eighth Amendment right to be free from unnecessary cruel and unusual punishment without due process.

3     Defendant's actions of punitive confinement conditions disrupted a legal visit between me the Plaintiff and my capital appeals attorneys, by denying me general population conditions of access to legal material and placing me in four point restraints during my legal visit. Despite attorneys request that restraint be removed during the legal visit, staff refused to remove these

four point restraints. The legal visit was also cut short from its 3:30 PM scheduled end by two hours to 1:30 PM, by staff working in the visiting room under the instruction of Troy Steele, that legal visits end with regularly scheduled general visits. This action violated my Eighth Amendment right to be free of unnecessary restraint, Sixth Amendment access to the courts and First Amendment right to freely communicate with counsel.

Effects Of Defendants Actions:

4     Whenever I the Plaintiff speak to my attorneys on the phone, these legal calls are scheduled by my attorneys through Brenda Ross, whose duty is as the litigation officer. I the plaintiff and my attorneys have complained of legal calls being placed on a monitored and recorded phone line, in a noisy open wing, along side with other regular phone calls. Where there are two and four phones side by side, where others can overhear my confidential conversations between attorney and client. caseworkers and/or case-managers are suppose to make sure that all scheduled legal calls and interviews are placed from phones in their offices, but opt not to, considering such accommodation of calls a inconvenient nuisance to performing their job duties.

5     I the plaintiff and my attorneys can not speak openly and freely about my capital case and must limit these communications to hints over the phone and finish the more detailed communication by mail one way from me to them. As the mail from my attorneys is often read by staff to prove it is legal mail. Which hampers our communication, especially since my lawyers are from a Law Firm in New York and can not visit regularly. The only way that we can communicate freely and openly is during legal visits for which they have to fly in for at great expense. During legal visits, my attorneys and I are not allowed to exchange legal documents to keep or take away with us, from between one another. My attorneys are uncomfortable with mailing me documents because the caseworkers and/or case-managers read incoming legal mail to prove its legal

mail, for which complaints have been filed before with no relief. So I the plaintiff almost never get the chance to review draft pleadings of material until after its been filed, because my attorneys do not want to risk alerting the opposition to pleadings in the drafting phase. Especially where there is a strong likelihood and reasonable fear, of PCC staff sharing information with the Attorney General's Office and various circuit attorneys, as have happened in the past.

6    These actions and conditions hampers my attorney client relationship, hindering me from participating in their representation of me on my capital case in the courts.

7    When I was placed in segregation on March 12, by Jeff Harper and Daniel Dicus right after the reading of the conduct violation, it was for a none security concern. If there was a real immediate security concern, I would have been ordered locked down at the time of the legal call on March 9, 2012. It would have been expressed in the letter Troy Steele wrote March 12, 2012, to my attorneys threatening repercussions or I would have been locked down before the reading of the conduct violation, as is normal procedure.

8    This denial of due process placed me in a strip cell for four hours with only a pair of used boxers from someone else and a sheet, until administration segregation property was provided later. In segregation, I was limited to only 12 inches of legal material, unlike in general population where I am permitted 60 inches or more of my legal material. In administrative segregation, I was not allowed access to any policies or law clerks and only provided a policy that denied such access called IS8-1.3. IS8-1.3 denies the

right to law library access for those locked up on what are considered minor conduct violations. This administrative segregation confinement for communicatinging with my attorneys, caused me extreme anxiety and confusing fear of perpetually being locked down, under made up arbitrary reasons for processes outside policy norms and the rule of law or fairness.

9   Thomas Cullins confirmed my fears when he found me guilty of talking to my attorneys who allegedly made 3-way conference calls to other attorneys in their offices. Where even if it was true that my attorneys made 3-way calls to other attorneys, they are allowed to under the law and Missouri Department Of Corrections policies. Thomas Collins sentenced me to 10 days in addition to the 8 days I had already been lock in segregation. Now my attorneys have abstained from having shared conference calls with me for fear of me being punished. Attorneys are officers of the court and their conduct is protected legal conduct under the law. Thomas Collins was forcing me to suffer further abuse that I was afraid of being continued from pass threats, abuses, and harassment.

10   I the plaintiff, was placed in even greater fear of harm, when I was moved into a administrative segregation double man cell with a prisoner who had been declared a danger to himself and others. Even though I was not on administrative segregation, as I was in disciplinary segregation, placing me in fear for my life and well being.

11   As a result of my being in segregation on March 21, 2012, I was not able to participate effectively in assisting my attorneys during a legal visit. This was compounded by me being placed in

four point restraints during a legal visit where all my general population legal property was locked away from being accessible in storage. This deprived me of the freedom to communicate with my attorneys, under condition I should not be subjected to as punishment without due process. Neither should I have to live in fear of suffering punishment for communicating with my attorneys.

12    Douglas Nickelson and Timothy Lancaster are the two individuals who have access to the recorder and monitoring system provided by Securus. The Securus phone service system does not differentiate between legal calls and regular calls during motoring and recording. When complaining to Brenda Ross in the pass about monitored and recorded phone calls. Brenda Ross has told my attorneys that they should tell her what phone calls to erase after they are recorded, if my attorneys want the legal calls erased from the records.

(Continue from page 5)

Relief:

Plaintiff seeks compensatory damages for the psychological anguish impact of being in fearful conditions of a double man segregation cell with a dangerous prisoner; the humiliation of being in three point restraints during legal visit with appeal counsel; and deprived of quality of life to be free from being placed in segregation or being deprived of general population privileges of liberty interest without due process.

In the speculative amounts of: $100.00 a day under dangerous fearful conditions causing the anguish of anxiety; $1,000.00 for unlawful restraints distress and humiliation; $250.00 dollars for each day of segregation that deprived plaintiff of freedoms and liberties afforded by general population privileges; $288.00 worth of legal calls lost on phone system not equipped for facilitating confidential legal calls for two years.

Plaintiff seeks compensatory damages for the violation of the First Amendment right to confidential communication and for being subjected to punishment to abridge his rights to petition or gain access to the court. The damages awards for this Constitutional violation should be determined by the court judge or jury.

Plaintiff seeks nominal damages for violation of his First Amendment right to attorney client communication, Eighth Amendment right to be free from cruel and unusual punishment without due process, and Fourth Amendment right of due process in the amount of one dollar.

Plaintiff seeks punitive damages because defendant(s) were

aware throughout this ordeal that their actions were unconstitutional when they monitored and recorded legal calls, wrote letters and supported approval of writing a conduct violation, punishing plaintiff for his lawyers protected lawful conduct. Placed plaintiff in three point restraints during legal visit and cut the legal visit short. Maintained plaintiff segregation confinement with a dangerous prisoner in a locked down double man cell. Where under the institutional policies, rules, and common law court decisions, plaintiff did not violate any rules or laws to justify actions taken against him by defendant(s). Defendant(s) together were fully aware of what happened to plaintiff and did nothing to attempt to stop these acts or actions. Instead, at some points, they either perpetuated or worsen the conditions and circumstances.

Defendant(s) never through the grievance process admitted acts and actions but see no wrong nor sought to cure or correct the wrong doing. As they continue to engage and enforce these unconstitutional conditions upon plaintiff access to attorneys that are subjected to punishment for legally protected liberty interest and conduct.

Plaintiff seeks a permanent injunction for relief upon conclusion of case final decision upon the merits.

Respectfully Submitted:

*Reginald Clemons*
Reginald Clemons