# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV458 CDP |
| | ) |
| GEORGE LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for permanent injunction and for a temporary restraining order. Plaintiff, a death-sentenced prisoner, brings this action under 42 U.S.C. § 1983 under the First Amendment for alleged violations of his right to communicate with his attorneys in a confidential manner. The Court has required defendants to respond to the complaint pursuant to 42 U.S.C. § 1197e(g)(2) but defendants' answers are not yet due. Plaintiff currently seeks a temporary restraining order and injunction requiring defendants to release him from administrative segregation and to allow him to conduct telephonic interviews with his attorneys and other outside groups without the normal prison security review of telephone calls. Having reviewed the case, I find that injunctive relief is not warranted at this time, and I will deny the motion without prejudice.

To determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).

Plaintiff is party to a multiple-plaintiff civil action in the Western District of Missouri challenging the use of the drug Propofol for carrying out lethal injection executions in the State of Missouri. Zink v. Lombardi, 2:12CV4209 NKL (W.D. Mo.). The case is currently in the discovery phase.

Plaintiff alleges in his complaint before this Court that he has been disciplined by prison officials for being on "three-way calls" while speaking with his attorneys or other groups who may wish to file *amici* briefs in the Zink action. According to plaintiff's exhibits, "three way calls are not allowed per [Department of Corrections'] policy." Plaintiff's Exh. at 1. Plaintiff believes that defendants must be listening to his calls in order to detect the presence of a three-way call. According to plaintiff's exhibits, the Department of Corrections hires an outside agency, Securus, to detect the calls, and a report of the fact of the three-way call is given to the Department. Id. Although I have not yet seen defendants' responsive pleadings, I am certain that

defendants will challenge plaintiff's version of the facts regarding the eavesdropping of confidential and privileged communications.

Applying the Dataphase factors to this case, I find that plaintiff has not submitted a plausible case for entering an injunction at this time. Plaintiff is represented by qualified counsel in the Zink case. Plaintiff has not shown how he would be irreparably harmed by engaging in only two-way, permissible calls with his attorneys. Moreover, plaintiff has not shown that his presence in administrative segregation will impact his attorneys' abilities to adequately represent him.

The potential of harm to the defendants militates against issuing a temporary restraining order or permanent injunction. This Court does not intervene with the Department of Corrections' supervision and discipline of prisoners in a careless manner. I do not yet have sufficient knowledge of the facts of this case to justify ordering the Department to change its policies or the manner in which it carries out those policies.

For these same reasons, plaintiff has not demonstrated that he is likely to succeed on the merits of this action.

Finally, the public has an interest in maintaining the safety and security of the Department of Corrections' institutions. Plaintiff has not demonstrated that his calls justify a departure from the Department's regular policies. In consequence, the

motion for permanent injunction and for a temporary restraining order is denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for permanent injunction and for a temporary restraining order [ECF No. 7] is **DENIED** without prejudice.

Dated this 22nd day of April, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE