## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV458 CDP |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff, a prisoner, filed this action under 42 U.S.C. § 1983 alleging that defendants monitored his telephone conversations with his attorneys in violation of the First Amendment; retaliated against him for participating in three-way telephone calls with counsel by placing him in administrative segregation; improperly restrained him during a personal visit with his attorneys; and improperly read his privileged mail.  Defendants move to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's allegations fail to demonstrate a constitutional violation.  After carefully reviewing the pleadings and other papers filed in this action, I find that plaintiff states a plausible claim of retaliation but that plaintiff's other claims fail as a matter of law.

**Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff.  <u>Gregory v. Dillard's</u>, 494 F.3d 694, 709 (8th Cir. 2007).  The Federal Rules do not require great precision in pleadings.  <u>Id.</u> at 710.  "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Id.</u> (quotations omitted).  However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see</u> <u>Gregory</u>, 494 F.3d at 710.  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.

The complaint is also subject to dismissal under 28 U.S.C. § 1915A.  Section 1915A permits the Court to dismiss *sua sponte* any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.

**Background**

For the purpose of deciding the motion to dismiss, I accept as true the non-conclusory allegations in the complaint, which I must.  And because plaintiff is pro se, I will liberally construe the allegations in the complaint.

Plaintiff is a death-sentenced prisoner at Potosi Correctional Center ("PCC").  Plaintiff's conviction is final, and I denied his federal petition for writ of habeas corpus as directed by the Eighth Circuit Court of Appeals.  See Clemons v Luebbers, 4:97CV2344 CDP (E.D. Mo.).  Plaintiff has filed a successive state habeas action, which is currently pending in the Supreme Court of Missouri.  Clemons v. Larkins, Case No. SC90197 (Mo.) (*accessed at* https://www.courts.mo.gov/casenet/cases/parties.do).  Plaintiff is represented by local counsel as well as several lawyers located in New York City in that action.  Id.

Plaintiff communicates with New York counsel primarily by phone.  Plaintiff alleges that defendants monitor and record those phone calls in violation of his right to communicate privately with counsel.  Plaintiff says he and his attorneys are chilled from discussing sensitive matters over the phone as a result.

The Missouri Department of Corrections ("MoDOC") prohibits prisoners from engaging in third-party or three-way telephone calls.  According to plaintiff's exhibits, MoDOC uses a phone monitoring system called Securus to detect three-way

calls.  On March 12, 2012, defendant Steele, who is Warden of PCC, sent a letter to one of plaintiff's attorneys, notifying her "that on numerous occasions during legal calls which you have requested with Reginald Clemons . . . Securus has detected a three-way call."  Steele further advised counsel that such calls were not allowed under MoDOC policy and that "future abuse of privileged calls will not be tolerated."

Plaintiff asserts that his attorneys spoke with someone at Securus, who told them that Securus had not alerted Steele about the three-way calls.  Plaintiff believes this is evidence that defendants are listening in on his privileged communications and not relying on Securus to monitor phone calls.

Defendants issued several conduct violations to plaintiff for participating in three-way calls.  Plaintiff spent twenty-three days in administrative segregation as a result of the violations.  Plaintiff claims he was put in a strip cell for four hours, and he believes this is a violation of the Eighth Amendment.

Plaintiff's attorneys visited him at PCC.  Plaintiff says he was placed in four-point restraints for the meeting and that the restraints were not taken off until after the meeting was over.  Plaintiff also claims that the meeting was cut short by two hours because Steele directed his employees to work in the visiting room.  Plaintiff states he was unable to effectively communicate with his attorneys because of the restraints.  Plaintiff claims this is a violation of the First, Sixth, and Eighth Amendments.

Plaintiff also communicates with his attorneys by mail.  Plaintiff maintains that prison staff read his mail "to prove it is legal mail."  And plaintiff says that his attorneys are uncomfortable mailing privileged communications to him as a result. Plaintiff argues that defendants John/Jane Doe (General Counsel) and Brenda Ross should be liable as supervisors of said staff because they have not "taken the necessary step or measures to ensure that Plaintiff's attorney client communication has been confidently secured without disruption."

**Discussion**

1.    <u>Telephone Monitoring</u>

Plaintiff contends that the monitoring and recording of his privileged telephone conversations infringes upon his First Amendment right of access to the courts because his and his attorneys' speech regarding his case has been chilled.  Defendants argue that plaintiff's telephone monitoring and recording claims should be dismissed because plaintiff has alternative means of communicating with his attorneys, i.e., by mail or in person.

"[T]he extent of inmates' First Amendment right to communicate with the outside world is a fact-intensive universe."  <u>Holloway v. Magness</u>, 666 F.3d 1076, 1079 (8th Cir. 2012).  "A prisoner has no right to unlimited telephone use."  <u>Benzel v. Grammar</u>, 869 F.2d  1105, 1108 (8th Cir. 1989).  However, "[p]rison officials may

not deny or obstruct an inmate's access to the courts to present a claim." McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993). "In order to state a claim an inmate must make some showing of prejudice or actual injury as a result of the prison officials' conduct." Id.; see Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims.").

The confidentiality of the attorney-client relationship is entitled to protection even where the client is a prisoner.  See Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981) (mail to or from inmate's attorney entitled to protection).  However, the attorney-client privilege is an evidentiary rule, which is not grounded on the Constitution.  See Partington v. Gedan, 961 F.2d 852, 863 (9th Cir. 1992) ("'[s]tanding alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right.'") (quoting Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir.1985)).

A violation of the attorney-client privilege can implicate the Sixth Amendment right to counsel, but only when "the government interferes with the relationship between a criminal defendant and his attorney." Partington, 961 F.2d at 863. "Moreover, before it amounts to a violation of the Sixth Amendment, any government interference with the privilege must substantially prejudice the criminal defendant."

Id.  The Sixth Amendment is not implicated here, however, as plaintiff is not a criminal defendant with a constitutional right to counsel.  E.g., Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984) (no constitutional right to appointed counsel in civil cases).

Plaintiff's First Amendment claim fails to state a cause of action because plaintiff has not alleged that he has suffered prejudice or actual injury in his pending state habeas case as a result of his privileged telephone calls being monitored and recorded.  Plaintiff's only allegation regarding prejudice is that he and his attorneys have been chilled from discussing sensitive matters over the phone.  However, a claim of a chilling effect, in and of itself, is not sufficient to establish actual injury.  C.f. Eckles v. City of Corydon, 341 F.3d 762, 767 (8th Cir. 2003) ("subjective chill" insufficient to demonstrate factual injury component of standing analysis).  As a result, plaintiff's First Amendment claim regarding privileged telephone calls fails as a matter of law.

Defendants ask me to consider this claim under the four-part test announced in Turner v. Safely, 482 U.S. 78 (1987), to find that plaintiff's claim fails because he has alternative means of communicating with counsel.  It is unnecessary to do so, however, because plaintiff has failed to state a claim under the First Amendment, and

as is stated above, I may *sua sponte* decide whether a claim is frivolous or fails to state a claim upon which relief can be granted.

Plaintiff's claim under the First Amendment regarding the application of four point restraints during a visit with his attorneys also fails as a matter of law because plaintiff has not alleged that his case suffered an actual injury as a result.

2.   Retaliation

Plaintiff maintains that he was placed in administrative segregation for twenty-three days in retaliation for participating in privileged telephone conferences with more than one attorney by defendants Thomas Collins, Jeff Harper, and Daniel Dicus. Defendants argue that plaintiff's retaliation claim fails as a matter of law because he was placed in administrative segregation for committing an actual rule violation. Defendants further argue that plaintiff admitted to engaging in three-way calls in his complaint.

To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity.  See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir.2004), cert. denied, 546 U.S. 860 (2005).  "However, claims of retaliation fail if the alleged

retaliatory conduct violations were issued for the actual violation of a prison rule."
Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008).

It is clear that engaging in three-way calls violates MoDOC's rules.  However, plaintiff does not actually admit to engaging in three-way calls in the complaint.  He states that he was punished for doing so, but he does not say, one way or the other, whether hid did.  I find that plaintiff has sufficiently pleaded a retaliation claim against defendants Collins, Harper, and Dicus such that dismissal of this claim is improper at this time.

3.    Eighth Amendment Claims

Plaintiff argues that the assignment to administrative segregation for twenty-three days violated the Eighth Amendment.  Plaintiff further argues that the application of four-point restraints during a visitation from his attorneys also constituted cruel and unusual punishment.

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective.  The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." Id.

Plaintiff has not alleged that either his placement in administrative segregation or the application of four-point restraints subjected him to an objective deprivation of his rights.  And he does not allege that defendants were deliberately indifferent to his nutritional or medical needs while he was in administrative segregation.  As a result, plaintiff's Eighth Amendment claims fails to state a claim.

    4.   <u>Legal Mail</u>

Plaintiff argues that defendants John/Jane Doe (General Counsel) and Brenda Ross are liable as supervisors over prison staff who read his mail "to prove it is legal mail."

Prison supervisors cannot be held liable under § 1983 on a theory of respondeat superior.  <u>Langford v. Norris</u>, 614 F.3d 445, 460 (8th Cir. 2010).  "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices.'"  <u>Id.</u> (quoting <u>Choate v. Lockhart</u>, 7 F.3d 1370, 1376 (8th Cir. 1993)).  Plaintiff has not alleged that John/Jane Doe (General Counsel) or Ross knew that prison staff were reading his mail but deliberately failed to stop the practice.  As a result, petitioner has not alleged sufficient personal involvement to support a claim for supervisory liability against John/Jane Doe (General Counsel) or Ross under § 1983.

-10-

**Conclusion**

For each of these reasons, defendants' motion to dismiss will be granted in part and denied in part.  Only defendants Collins, Harper, and Dicus are alleged to be directly involved in plaintiff's viable retaliation claim.  Therefore, the remainder of the defendants will be dismissed.  See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss under Rule 12(b)(6) is **GRANTED** in part and **DENIED** in part.  The motion is **granted** as to plaintiff's First Amendment access-to-the-court claims, to plaintiff's Sixth Amendment claims, and to plaintiff's Eighth Amendment claims.  The motion is **denied** as to plaintiff's retaliation claim involving Thomas Collins, Jeff Harper, and Daniel Dicus.

**IT IS FURTHER ORDERED** that defendants George Lombardi, John/Jane Doe (General Counsel), Troy Steele, Brenda Ross, Douglas Nickleson, Timothy Lancaster, John/Jane Doe (Functional Unit Manager), and Christine Henson are **DISMISSED** from this action without prejudice.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 10th day of July, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE