UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV458 CDP |
| ) | |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's amended complaint, which is subject to review under Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e). Having reviewed the amended complaint, I find that it should be stricken from the record.

### Standard

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

Plaintiff, a death-sentenced prisoner, filed this action under 42 U.S.C. § 1983 against defendants Thomas Collins, Daniel Dicus, John/Jane Doe (Functional Unit Manager), John/Jane Doe (General Counsel), Jeff Harper, Christine Henson, Timothy Lancaster, George A. Lombardi, Douglas Nickelson, Brenda Ross, and Troy Steele, alleging that defendants monitored his telephone conversations with his attorneys in violation of the First Amendment, retaliated against him for participating in three-way telephone calls with counsel by placing him in administrative segregation, improperly restrained him during a personal visit with his attorneys, and improperly read his privileged mail.

Defendants filed a motion to dismiss for failure to state a claim. I granted the motion with respect to defendants John/Jane Doe (Functional Unit Manager), John/Jane Doe (General Counsel), Christine Henson, Timothy Lancaster, George A. Lombardi, Douglas Nickelson, Brenda Ross, and Troy Steele, because these defendants were not personally involved in the alleged violations of plaintiff's constitutional rights.

## Amended Complaint

Plaintiff sues defendants in their individual capacities under § 1983. Plaintiff restates his allegations that defendants have monitored his telephone conversations

with his attorneys, have retaliated against him, have placed him in administrative segregation, and have improperly restrained him. However, the allegations in the amended complaint are vague and do not sufficiently show that any of the named defendants was personally responsible for violating his rights. Plaintiff often states that "defendants" committed an unlawful action against him. This is insufficient to state a claim. In order to state a claim under § 1983, a plaintiff must name the individual or individuals responsible for each unlawful act. E.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, the amended complaint does not state a claim upon which relief can be granted.

Under Rule 15, a litigant is not permitted to add futile claims in an amended complaint. Therefore, I will vacate the portion of my October 22, 2013, Order allowing plaintiff to file the amended complaint, and I will strike the amended complaint from the record. If plaintiff wishes to file a second amended complaint, he must file a motion for leave to amend along with a proposed amended complaint no later than December 2, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order dated October 22, 2013, [ECF No. 36] is partially **VACATED**, as set forth above.

**IT IS FURTHER ORDERED** that the amended complaint [ECF No. 37] is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that any amended pleading must be filed no later than **December 2, 2013**.

Dated this 13th day of November, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE