UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD CLEMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 4:13 CV 458 CDP |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
|     Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Reginald Clemons has filed three motions to compel discovery. Clemons has not complied with Local Rule 3.04(A)[1] and Rule 37(a)(1), Fed. R. Civ. P,[2] which require that a discovery motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion. Although Clemons is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or

---

[1] E.D. Mo. L.R. 37–3.04(A) states:

>The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

[2] Fed. R. Civ. P. 37(a)(1) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

disclosure.  Clemons must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A).  *See Faretta v. California*, 422 U.S. 806, 934–35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure).  I have nevertheless examined the motion and discovery requests, and believe that the vast majority of them seek materials that are not relevant to the one remaining claim in this case.  I am concerned, however, that defendants' responses to the discovery requests and defendants' responses to the motion to compel provide very little information about what relevant information has been produced, and I will caution them that in the future they should provide more information.

### **First Motion to Compel (Doc. 46)**

In his first motion, Clemons stated defendants had failed to responds to his interrogatories.  In their response, defendants admitted that they did not timely respond to the interrogatories.  They indicated that the delay was attributable to their change in counsel handling this case, and they indicated that they would serve the responses "immediately."  I will grant the portion of Clemons' motion that requests a court order requiring the defendants to respond to the interrogatories, and if defendants have not already provided the responses they must do so **within seven days of the entry of this order**.

In the same motion, Clemons also asks for sanctions under Rule 37, asking the court to order the defendants to pay him $34.74 as reasonable expenses in obtaining this

order. I will deny the request for sanctions because Clemons did not comply with the requirements that parties confer and attempt to resolve discovery disputes before filing motions. *See* Federal Rule of Civil Procedure Rule 37(a)(5)(i) (court must not grant sanctions if movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action).

### Second Motion to Compel (Doc. 48)

Clemons' second motion to compel is entitled "Motion for an Order to Compel Discovery By Inspections." Clemons served defendants with discovery requests for 28 inspections, pursuant to Rule 34, Fed. R. Civ. P. I agree with defendants that the vast majority of those requested "inspections" seek information that is not relevant to the single claim remaining in this matter.

Although requests 4, 5, 7, and 8 seek copies of Clemons' telephone records, which are arguably relevant, the requests are overbroad in scope. He asks for documents dating back to 2009, but he was not placed in administrative segregation until March 2012. And in any event, defendants have already produced the relevant documents, as is demonstrated by Exhibit C to their motion for summary judgment (doc. # 53-4). This documents is a record of Clemons' calls from February 5, 2012 through April 5, 2012, which is the only time period relevant to this case.

The only other requests that are even remotely relevant are request 21, asking for records related to Clemons' classification status; request 22, documents banning Clemons

from conducting interviews while under administrative segregation; and request 28, documents given to Potosi Correctional Center by Securus, its telephone services provider. Defendants indicated that they would provide some documents in response to these requests, but they object to others be because Mo. Rev. Stat. § 217.075 prohibits the disclosure of information that may affect the safety and security of a corrections facility. I agree that the Securus "manuals, functioning guidelines, instructions, and available services document[s], books, pamphlets, etc." requested by Clemons may be subject to Section 217.075. Clemons does not argue otherwise. As such, I find that the defendants' objections are well-taken. I cannot tell, however, what documents have actually been provided and whether Clemons continues to believe the production is insufficient. I will deny the motion to compel, but without prejudice to Clemons' right to file a further motion if – after he confers in good faith with defendants to attempt to resolve any remaining dispute – he states with precision what information the defendants have provided to him, what information precisely he is still seeking, how that information will help him prosecute his remaining claim, and why Mo. Rev. Stat. § 217.075 does not prohibit the disclosure of the information he seeks.

The remaining requests, which run the gamut,[3] are not relevant to Clemons' retaliation claim. For example, request 10 asks for records of the Restorative Justice

---

[3] Among other things, Clemons requests photographs of a housing unit; information relating to communication between Potosi Correctional Center staff and the Attorney General; all documents with

– 4 –

VICs and the Impact of Crime on Victims VICs.⁴ I do not see – and Clemons does not explain – how this information would be useful in prosecuting his remaining claim. He argues several times that certain inspections should be permitted so that he can establish a "pattern of retaliation," but this is not a fair characterization of his claim, which is that he was placed in administrative segregation in March 2012 in retaliation for having spoken to his counsel on the phone in an alleged three-way call.

### Third Motion to Compel (Doc. 49)

Clemons' third motion to compel asks the court to order the defendants to produce documents in response to 20 requests. Defendants objected to most of the requests, but directed Clemons to certain documents previously produced in response to a few that are relevant to the claim at issue in this case. Most of the requests seek documents having nothing to do at all with this claim, such as documents related to the execution protocol, to various fights, to an allegedly stolen typewriter, and to other disciplinary matters. Clemons does not explain why the production that was made with regard to the few relevant matters was insufficient, and there is no reason to compel further production.

---

his name "notably mentioned"; logs related to certain dates he was transported in September 2012; his medical records from certain dates in 2009; communication among staff about Clemons' harassment complaints; documents related to the confiscation and return of his typewriter; records related to his clothing issue; documents related to banning his lawyers from sending him colored paper or file folders; communications about the Klu Klux Klan burning crosses in Potosi; and records related to fights between Clemons and two other people.

⁴ Though none of the parties explain what a "VIC" is, the Missouri Department of Corrections refers to the "Volunteers in Corrections" as VICs, and I assume this is what the abbreviation means here.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel and for sanctions [#46] is granted only to the extent that if defendants have not yet responded as they represented in their briefs, they must do so within **seven days**; the motion is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery by inspections [#48] and his motion to compel production of documents [#49] are denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time [#55] to respond to defendants' motion for summary judgment is granted, and plaintiff must file any brief in opposition to that motion no later than **Wednesday, March 5, 2014**. Defendants must file any reply brief within **fourteen days** after receipt of plaintiff's brief.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2014.